# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Robert J. Burgi and Yvonne M. Burgi,                    Civ. No.: 08-419 (PJS/JJK)


                    Plaintiffs,

v.
                                        **REPORT AND RECOMMENDATION**
Messerli & Kramer PA, and John and
Jane Does 1-10,

                    Defendants.

---

Robert J. Burgi and Yvonne M. Burgi, 40 North Hill Court, Mankato, MN  56001-8735, *pro se.*

Derrick N. Weber, Esq., and Truman W. Schabilion, Esq., Messerli & Kramer, counsel for Defendant Messerli & Kramer PA.

---

## INTRODUCTION

This matter is before this Court for a report and recommendation to the District Court on Defendant Messerli & Kramer PA's ("M&K") Motion to Dismiss Plaintiffs' *pro se* Complaint.  *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  In the Complaint, Plaintiffs allege (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and (2) violations of Minnesota Statutes § 332.37 *et seq.* (Doc. No. 1.)  For the reasons stated below, this Court recommends that M&K's Motion to Dismiss (Doc. No. 20) be granted.

## BACKGROUND[1]

Capital One Bank issued Plaintiffs Robert and Yvonne Burgi a credit card with an account number ending in 5744.  When Plaintiffs did not make the required minimum monthly payments alleged to be due, Capital One Bank retained M&K to collect the debt.  M&K is a law firm that also provides debt collection services.

On January 3, 2007, M&K sent Plaintiffs separate letters notifying them that the unpaid balance on their Capital One Bank account in the amount of $4,395.81 had been turned over to M&K for collection and requesting Plaintiffs to make payment.  In response, Plaintiffs sent notices dated January 19, 2007, disputing the alleged debt.

Thereafter, on January 23, 2007, M&K sent Plaintiffs a debt validation letter containing the amount of the debt, the name of the original creditor, and the relevant dates and terms.  On January 29, 2007, Plaintiffs sent letters to M&K again disputing the debt.  Plaintiff Robert Burgi also separately sent letters to

---

[1]     The following uncontested background facts are compiled from information in the Complaint, from materials attached as exhibits to the Complaint, and from materials that do not contradict the Complaint or are necessarily embraced by the pleadings and are therefore within the scope of the information that may be considered by the Court in deciding a motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) ("[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint . . . , as well as materials that are necessarily embraced by the pleadings.") (citations and quotations omitted).

M&K on January 29, 2007, asserting that there had been a "false and fraudulent attempt at validation," and asking for the original application on the account and for M&K's contract with Capital One Bank.  (Doc. No. 1, Compl. at Exs. E,F,G.)[2] In response, on May 10, 2007, M&K sent additional documents to Plaintiffs, including a copy of the original credit card application listing Yvonne M. Burgi as the co-applicant, and showing both Plaintiffs' signatures.

On January 6, 2008, Capital One Bank filed a collection suit against both Plaintiffs in the Fifth Judicial District of Minnesota in Blue Earth County.  In February 2008, the court entered default judgment against Yvonne Burgi for failure to answer the Complaint.  As of the date of the hearing before this Court, the collection suit was still pending against Robert Burgi.[3]

---

[2]    On April 24, 2007, Plaintiffs sent a "Notice and Demand for Validation and Adequate Assurance of Performance" to the original creditor, Capital One Bank, alleging that Capital One Bank "may be in breach of the terms and conditions of the Credit Card Agreement," and stated that Capital One Bank "failed to properly credit [Robert Burgi] for all revenues received[.]"  (Doc. No. 1, Compl. at Ex. H.) Plaintiffs also disputed the alleged debt and requested clarification of transaction details.

[3]    On April 16, 2008, Plaintiff Yvonne Burgi filed a Copy of My Response to an 'Entry of Judgment' Made by Messerli & Kramer in Blue Earth County Court of MN.  (Doc. No. 7.)  Although it is unclear what the purpose of this filing is, the Court construes it as a request for the Court to review the state court judgment. The Court, however, declines to review the state court judgment pursuant to the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, federal courts other than the United States Supreme Court lack subject-matter jurisdiction to hear challenges to state court judgments.  *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).  A
(Footnote Continued on Next Page)

On January 29, 2008, Plaintiffs sent a letter to Capital One Bank demanding verification and validation of the alleged debt for the account ending in 5744.  Before receiving a response, on February 19, 2008, Plaintiffs filed suit in the United States District Court, District of Minnesota against M&K, asserting violations of the Fair Debt Collection Practices Act and Minnesota Statutes § 332.37 *et seq.*[4]   On June 5, 2008, M&K filed a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b).

---

(Footnote Continued from Previous Page)

district court does not lack jurisdiction over every case in which a plaintiff seeks a result different from the one it obtained in state court; rather, *Rooker-Feldman* is implicated in the subset of cases where a losing party in state court subsequently complains about, and seeks review and rejection of, the state court's decision. *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 292 (2005)).

[4]      In a letter dated May 15, 2008, Capital One Bank responded to Robert Burgi's request for validation.  Capital One Bank enclosed the signed acceptance certificate for the account as well as the statements issued for the months from September 2005 through August 2006.  Capital One Bank informed Robert Burgi that "[b]ecause [it] did not receive payments by the due dates listed on [the Burgis'] billing statements, [the] account went into a past due status."  (Doc. No. 1.)  Capital One Bank also notified Robert Burgi that because of the delinquency, the account "was charged off on August 10, 2006."  (*Id.*)  Capital One Bank explained that "[o]nce an account is charged off, fees are no longer billed and statements are no longer issued.  However, finance charges will continue to accrue on the balance owed."  (*Id.*)  Capital One Bank notified Robert Burgi of the balance owed on the account as of May 15, 2008, and explained that "once an account goes into a past due and is charged off, [it] may refer the account to a third party for handling on [its] behalf."  (*Id.*)  In addition, Capital One Bank stated that it was "correctly reporting [the] account to the credit reporting agencies with a charged off status[,]" but that it "notified the credit reporting agencies that [Robert Burgi was] disputing [the] account."  (*Id.*)

4

**DISCUSSION**

**I.    Standard of Review**

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964-65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1959.

II.    **Count I - Violations of the Fair Debt Collection Practices Act**

A.    **15 U.S.C. § 1692g (2006)**

The Fair Debt Collection Practices Act ("FDCPA") was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Regarding providing notice of a debt, 15 U.S.C. § 1692g states:

> (a)  Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
>> (1)  the amount of the debt;
>>
>> (2)  the name of the creditor to whom the debt is owed;
>>
>> (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>>
>> (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>>
>> (5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the

> consumer with the name and address of the original creditor, if
> different from the current creditor.

15 U.S.C. § 1692g(a).  Regarding debts that are disputed, § 1692g states:

> If the consumer notifies the debt collector in writing within the thirty-
> day period described in subsection (a) of this section that the debt, or
> any portion thereof, is disputed, or that the consumer requests the
> name and address of the original creditor, the debt collector shall
> cease collection of the debt, or any disputed portion thereof, until the
> debt collector obtains verification of the debt or a copy of a judgment,
> or the name and address of the original creditor, and a copy of such
> verification or judgment, or name and address of the original creditor,
> is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

Plaintiffs assert that M&K's initial collection letter dated January 3, 2007,

violated of 15 U.S.C. § 1692g, and that M&K's collection letter dated May 10,

2007, violated 15 U.S.C. § 1692g(b).  (Compl. ¶¶ 11, 16.)  Plaintiffs also contend

that M&K failed to provide verification and validation of the alleged debt in

violation of 15 U.S.C. § 1692g(b).  (Compl. ¶ 13.)  Plaintiffs, however, do not

allege facts supporting why the letters or the validation sent by M&K to Plaintiffs

violate the FDCPA.

### i.    January 3, 2007 letter

The January 3, 2007 letter states:

> This law firm represents Capital One Bank.  Your unpaid balance of
> $4,395.81 has been turned over to our office for collection.

> Please send your check for $4,395.81 made payable to Capital One
> Bank to my attention.  If you cannot make full payment, please call
> our office at (763) 548-7900 to discuss alternate payment
> arrangements.

The credit agreement allows Capital One Bank to receive reasonable attorneys' fees from you in a collection lawsuit.  If you do not make payment or do not make alternate payment arrangements, our law firm will advise our client to sue you in the District Court for $4,395.81 plus our attorneys' fees and all other fees, costs and charges which are allowed by law.

(Compl. at Ex. D.)  The January 3, 2007 letter also provides the following notice:

This communication is from a debt collector and is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Unless you notify us within 30 days after the receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid.  If you dispute the debt in writing, we will obtain verification of the debt and mail it to you.  Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

(*Id.*)

The January 3, 2007 letter, which is the initial communication made by M&K to Plaintiffs, meets all of the requirements set forth in 15 U.S.C. § 1692g(a) on its face.  The letter states: (1) the amount of the debt is $4,395.81; (2) the debt is owed to Capital One Bank; (3) that unless Plaintiffs notify M&K within 30 days after the receipt of the letter that they dispute the validity of the debt, M&K will assume that the debt is valid; (4) that if Plaintiffs dispute the debt in writing, M&K will obtain verification of the debt and mail it to them; and (5) that upon Plaintiffs' written request within 30 days, M&K will provide them with the name and address of the original creditor if it is different from the current creditor.  Therefore

8

Plaintiffs' claim that M&K violated 15 U.S.C. § 1692g(a) must be dismissed because Plaintiffs have not stated a claim under § 1692g(a).

### ii.   May 10, 2007 letter

The May 10, 2007 letter sent by M&K states:

> Enclosed herein please find the additional documents requested in the above-referenced matter.

> If you have any further questions, please contact our office.

(Compl. at Ex. I.)  M&K attached a copy of the credit card application listing Yvonne M. Burgi as the co-applicant, and showing both Plaintiffs' signatures.  At the bottom of the May 10, 2007 letter, M&K provided the following notice:  "This communication is from a debt collector and is an attempt to collect a debt.  Any information obtained will be used for that purpose."  (*Id.*)

In January 2007, before M&K sent the May 10, 2007 letter, Plaintiffs had notified M&K in writing that they disputed the debt.  In response, M&K sent Plaintiffs a debt validation letter dated January 23, 2007, containing the amount of the debt, the name of the original creditor, and the relevant dates and terms.  Plaintiffs have not alleged, nor is there evidence in the record supporting a claim, that M&K attempted to collect on the debt after M&K received notice from Plaintiffs that they disputed the debt and before M&K provided the validation letter to the Plaintiffs.  In other words, Plaintiffs have not alleged any facts supporting that M&K did not "cease collection of the debt . . . until [M&K] obtain[ed] verification of the debt . . . and a copy of such verification . . . [was] mailed to

9

[Plaintiffs] by [M&K]."  15 U.S.C. § 1692g(b).  Therefore, Plaintiffs' claim that

M&K's May 10, 2007 letter violated 15 U.S.C. § 1692g(b) must be dismissed

because, even assuming all facts in the Complaint to be true and construing all

reasonable inferences from those facts in the light most favorable to Plaintiffs,

M&K still has not violated § 1692g(b).[5]

### iii.    Verification/validation

Plaintiffs contend that M&K failed to provide verification and validation of

the alleged debt in violation of 15 U.S.C. § 1692g(b).[6]  Section 1692g(b) requires

a debt collector, upon notification by a consumer within thirty days that a debt is

disputed, to obtain verification of the debt and to mail such verification to the

consumer.  Here, Plaintiffs each sent M&K a notice, dated January 19, 2007,

disputing the alleged debt.  On January 23, 2007, M&K sent a letter to Plaintiffs.

This letter states:

---

[5]      In the Complaint, Plaintiffs also assert that "[M&K has] continued to pursue collection activity on the alleged debt and [has] initiated a judicial proceeding wherein they have willfully and materially failed to disclose that they are attempting to collect an amount that was disputed to their alleged creditor client in violation of the Fair Credit Billing Act."  (Compl. ¶ 18.)  But Plaintiffs have failed to allege any facts supporting this claim.  Further, M&K initiated the judicial proceeding only after it had sent Plaintiffs verification of the debt.  Plaintiffs conclusory allegations do not contain facts with enough specificity "to raise a right to relief above the speculative level."  *Twombly*, 127 S. Ct. at 1964-65.

[6]      As explained above, the January 3, 2007 letter, which is the initial communication made by M&K to Plaintiffs and the "validation" letter, meets all of the requirements set forth in 15 U.S.C. § 1692g(a) on its face.

Thank you for your letter received at our office on January 22, 2007, regarding this matter.  Enclosed please find the account information documenting the amount owed related to this account.  Specifically:

**AMOUNT OF DEBT**:  Principal Balance - $3,936.11, Interest - $522.68.
**NAME OF CREDITOR**: Capital One Bank
**NAME OF ORIGINAL CREDITOR**:  Capitol One Bank
**ADDRESS OF ORIGINAL CREDITOR**:  P.O. Box 85015 Richmond, VA  23285-5015
**ORIGINAL ACCOUNT NUMBER**: 4305722122305744
**DATE ACCOUNT WAS OPENED**: January 5, 2002
**DATE OF CHARGE OFF**:  August 10, 2006

Please see the enclosed Terms and Conditions.

Thank you for your attention to this matter.

(Doc. No. 22, Affidavit of Att'y in Supp. of Messerli & Kramer P.A.'s Mot. to Dismiss Pls.' Compl. ¶ 4, Ex. 2.)  On January 29, 2007, Robert Burgi sent a letter to M&K, apparently in response to M&K's January 23, 2007 letter, asserting that there had been a "false and fraudulent attempt at validation."  (Doc. No. 1, Compl. at Exs. E,F,G.)  M&K contends that it properly validated Plaintiffs' debt in its January 23, 2007 letter and therefore met the verification requirement under the FDCPA.

This Court concludes that Plaintiffs' claim that M&K has violated the verification requirements set forth in § 1692g(b) must fail because Plaintiffs cannot allege facts showing that M&K has violated the verification requirements. "At a minimum, the debt collector must contact the creditor and verify the nature, status, and balance of the debt and then convey that information to the

11

consumer." *Erickson v. Johnson*, No. Civ. 05-427 (MJD/SRN), 2006 WL 453201, at *6 (D. Minn. Feb. 22, 2006) (citing *Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1203 (9th Cir. 1999)); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) (stating that the debt collector complied with verification requirement because the computer printouts "were sufficient to inform him of the amounts of his debts, the services provided, and the dates on which the debts were incurred"). "Unlike the Fair Credit Reporting Act . . . , which requires the creditor to 'conduct an investigation' upon notification of the consumer's dispute of the debt, 15 U.S.C. § 1681s-2(b)(1), the FDCPA only requires that a debt collector 'obtain[ ] verification of the debt.'" *Erickson*, 2006 WL 453201, at *6. "Verification does not require that the debt collector ascertain the legality of the underlying credit agreement[,]" nor does it "require the debt collector to provide evidence to the consumer that is sufficient to conclusively establish liability for the debt in a court action." *Id.* at *7.

M&K's verification, although providing a minimal amount of information to Plaintiffs, does provide the nature, status, and balance of the debt, as well as the dates on which the account was opened and charged off, therefore providing a range of dates for when the debts were incurred. This information is sufficient to comply with the FDCPA. Therefore, Plaintiffs' claim that M&K failed to provide verification and validation of the alleged debt in violation of 15 U.S.C. § 1692g(b) must be dismissed because Plaintiffs have not stated a claim under § 1692g(b).

**B.    15 U.S.C. § 1692e(8)**

Section 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(8)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).

Plaintiffs allege that "Defendants have also failed to report to any third party credit reporting agency . . . that the alleged debt is disputed in violation of 15 U.S.C. § 1692e(8)."  (Compl. ¶ 18.)  But Plaintiffs have not alleged any facts supporting this claim.

Subsection 1692e applies to the "communicating" of "credit information." "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2). Plaintiffs rely on the portion of section 1692e that references "the failure to communicate that a disputed debt is disputed."  This portion of the Act "is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt."

13

*Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) (emphasis in original).

Therefore, a debt collector does not have an affirmative duty under the FDCPA to

report debts to a credit bureau.  *See id.*  This conclusion is supported by the

relevant part of the Federal Trade Commission's December 1988 Staff

Commentary on the FDCPA:

> 1.  Disputed debt.  If a debt collector knows that a debt is disputed by
> the consumer . . . *and reports it to a credit bureau*, he must report it
> as disputed.
>
> 2.  Post-report dispute.  *When a debt collector learns of a dispute
> after reporting the debt to a credit bureau, the dispute need not also
> be reported.*

FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988)

(emphasis added), followed in *Black v. Asset Acceptance, LLC*, Civ. No. 1:05-CV-

1588-BBM, 2005 U.S. Dist. LEXIS 43264, at *13 (N.D. Ga. Dec. 9, 2005), and in

*Hilburn v. Encore Receivable Mgmt., Inc.*, Civ. No. 06-6096-HO, 2007 WL

1200949, at *4 (D. Or. 2007).

Here, Plaintiffs have not alleged that M&K made a report with respect to

Plaintiffs' debt that triggered the requirement under § 1692e(8) that M&K also

report that said debt was disputed.  Instead, Plaintiffs attached a May 15, 2008

letter from Capital One Bank to Robert Burgi to their Complaint, which states that

"[w]e are correctly reporting your account to the credit reporting agencies with a

charged off status; however, we have notified the credit reporting agencies that

you are disputing your account."  (Doc. No. 1.)  Because Plaintiffs have not

14

alleged facts supporting their claim against M&K, Plaintiffs' claim that M&K violated § 1692e(8) must be dismissed; Plaintiffs' allegations do not "raise a right to relief above the speculative level."  *Twombly*, 127 S. Ct. at 1964-65.

## III.    Count II - Violations of Minnesota Statute § 332.37 *et seq.*

Plaintiffs allege that M&K violated the state Collection Agencies Act, specifically the provision that prohibits collection agencies from violating the FDCPA.  *See* Minn. Stat. § 332.37(12) (2006) ("No collection agency or collectors shall . . . violate any of the provisions of the Fair Debt Collection Practices Act of 1977 while attempting to collect on any account, bill or other indebtedness."). Because all of Plaintiffs' claims under the FDCPA must be dismissed as explained above, Plaintiffs' claim under Minn. Stat. § 332.37(12) cannot survive. Therefore, Count II of Plaintiffs' Complaint should also be dismissed.

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1.    Defendant's Motion to Dismiss (Doc. No. 20) be **GRANTED**; and

2.    This case be **DISMISSED WITH PREJUDICE**.


Date: August 18, 2008

s/Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by

September 1, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.